# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee | ) | |
| | ) | C.A. Nos. 24-5374, 24-5375, 24-5376 |
| v. | ) | D.C. No. 2:18-cr-00422 |
| | ) | (D. Ariz.) |
| JOHN ("JED") BRUNST; | ) | |
| SCOTT SPEAR; & | ) | |
| MICHAEL LACEY | ) | |
| Defendants-Appellants | ) | |

## GOVERNMENT'S MOTION FOR A
## FIVE-MONTH EXTENSION OF TIME TO FILE ITS
## CONSOLIDATED ANSWERING BRIEF

The United States of America, by and through undersigned counsel and pursuant to Ninth Circuit Rule 31-2.2(b), respectfully moves for a five-month extension of time, to and including January 13, 2026, in which to file its consolidated answering brief in these appeals. The answering brief is currently due August 13, 2025. The reasons supporting the requested extension are set forth in the accompanying declaration.

Respectfully submitted,

s/ Paul T. Crane
PAUL T. CRANE
U.S. Department of Justice
Criminal Division, Appellate Section
950 Pennsylvania Ave., NW Suite 1264
Washington, D.C. 20530
Telephone: 202-616-9316

## DECLARATION

I, Paul T. Crane, Attorney, U.S. Department of Justice, Criminal Division, Appellate Section, state as follows under penalty of perjury:

1.     A federal grand jury sitting in the District of Arizona returned a 100-count superseding indictment against defendants John ("Jed") Brunst, Scott Spear, Michael Lacey, and four other co-defendants. The superseding indictment charged one count of conspiracy to violate the Travel Act, in violation of 18 U.S.C. § 371 (Count 1); 50 counts of promoting or facilitating prostitution, in violation of 18 U.S.C. § 1952(a)(3)(A) (Counts 2-51); one count of conspiracy to commit concealment money laundering, in violation of 18 U.S.C. § 1956(h) (Count 52); ten counts of concealment money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Counts 53-62); six counts of international promotional money laundering, in violation of 18 U.S.C. § 1956(a)(2)(A) (Counts 63-68); 31 counts of transactional money laundering, in violation of 18 U.S.C. § 1957(a) (Counts 69-99); and one count of international concealment money laundering, in violation of 18 U.S.C. § 1956(a)(2)(B)(i).

2.     Following a three-month trial, a federal jury returned the following verdicts:

a.     The jury convicted Brunst on Count 1 (conspiracy to violate the Travel Act); Count 52 (conspiracy to commit concealment money laundering); Counts 53-62 (concealment money laundering); Counts 64-68 (international promotional money laundering); and Counts 78-84, 86-93 (transactional money laundering). The jury

acquitted Brunst on Counts 2-51 (promoting or facilitating prostitution) and Count 63 (international promotional money laundering).

b.     The jury convicted Spear on Count 1 (conspiracy to violate the Travel Act); Counts 2-18 (promoting or facilitating prostitution); Count 52 (conspiracy to commit concealment money laundering); Counts 53-62 (concealment money laundering); Counts 64-68 (international promotional money laundering); and Counts 71-78, 85, 93 (transactional money laundering). The jury acquitted Spear on Counts 19-51 (promoting or facilitating prostitution) and Counts 63-68 (international promotional money laundering).

c.     The jury convicted Lacey on Count 100 (international concealment money laundering). The jury acquitted Lacey on Count 63 (international promotional money laundering). The jury did not reach a verdict on the remaining counts against Lacey (Counts 1, 2-51, 52, 53-62, 64-68, 69-70, 81, 83-84, 86, 88-92, 94-99).

3.     After the trial, the district court granted in part and denied in part each defendant's motions for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. The court then sentenced Brunst to 120 months of imprisonment, to be followed by three years of supervised release; Spear to 120 months of imprisonment, to be followed by three years of supervised release; and Lacey to 60 months of imprisonment, to be followed by three years of supervised release.

4.     On September 3, 2024, each of the defendants filed timely notices of appeal. On September 10, this Court denied each defendant's motion to stay his self-

2

surrender date. On October 2 and 3, the defendants each filed a motion for bail pending appeal. On November 21, 2024, this Court denied Brunst's and Spear's motions for bail pending appeal, and it granted Lacey's motion.

Brunst is currently in custody and has a projected release date of November 30, 2032 (BOP Register No. 91635-408). Spear is currently in custody and has a projected release date of January 29, 2033 (BOP Register No. 91634-408). Lacey is currently not in custody.

5.      On October 9, 2024, this Court consolidated the defendants' appeals.  The defendants' opening briefs were originally due to be filed by November 26, 2024. After this Court granted three unopposed extensions of time, the defendants' opening briefs were due to be filed by June 10, 2025. After this Court struck each of the opening briefs filed on June 10, 2025, this Court set a new briefing deadline of July 14, 2025. Each of the defendants filed oversized briefs on that date. In total, the defendants filed their opening briefs 230 days after the original due date.

6.      The government's consolidated answering brief is currently due to be filed by August 13, 2025. This is the government's first request for an extension of time to file its answering brief.

7.      For the reasons set forth below, the government requests a five-month extension of time, until and through January 13, 2026, to file its consolidated answering brief.

a.    I am an attorney with the Appellate Section in the Criminal Division of the United States Department of Justice. I was not involved in the district court proceedings, which were extensive and complex. Among other things, the district court docket contains over 2,300 entries, and the defendants were convicted after a three-month trial that includes over 8,000 pages of transcripts. In addition, each defendant raises numerous challenges in his respective appeal: Brunst includes eight issues presented; Spear includes four issues presented; and Lacey includes five questions presented. Each defendant also joins his co-defendants' appellate arguments by reference. Moreover, as the defendants noted in their own extension motions, several of the arguments presented on appeal include novel challenges and/or challenges of first impression. Finally, several amici have filed briefs in support of the defendants.

The requested extension of time is accordingly necessary to allow me to carefully review the sizeable trial record, analyze and research the defendants' many arguments on appeal, draft a consolidated response, and submit for internal review a brief that will best assist the Court in expeditiously resolving the defendants' appeals.

b.    In addition to this case, I will be occupied with numerous other criminal matters, including the following: (i) preparing the government's brief in opposition to the petition for a writ of certiorari in *Smith et al. v. United States*, S. Ct. No. 24-7237; (ii) preparing the government's brief in opposition to the petition for a writ of certiorari in *Davis v. United States*, S. Ct. No. 25-5189; (iii) preparing the government's brief in opposition to the petition for a writ of certiorari in *Chatrie v. United States*, S. Ct. No. 25-

4

112; (iv) preparing a portion of the government's answering brief in *United States v. Getachew*, 6th Cir. No. 24-3432; (v) reviewing several appellate briefs filed in various federal courts of appeals; and (vi) preparing several memoranda for the Solicitor General addressing possible further review of decisions in the Fifth Circuit adverse to the government.

8.    Brunst and Spear each object to the government's motion. Lacey takes no position on the government's motion.

9.    The court reporter is not in default with regard to any designated transcripts.

For these reasons, the government respectfully requests that the Court grant this motion for a five-month extension of time in which to file the government's answering brief, to and including January 13, 2026.

<div style="margin-left:40%">

Respectfully submitted,

s/ Paul T. Crane
Paul T. Crane
U.S. Department of Justice
Criminal Division, Appellate Section
950 Pennsylvania Ave., NW Suite 1264
Washington, D.C. 20530
Telephone: 202-616-9316

</div>

5

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2025, I electronically filed the GOVERNMENT'S MOTION FOR A FIVE-MONTH EXTENSION OF TIME TO FILE ITS CONSOLIDATED ANSWERING BRIEF with the Clerk of the Court using the ECF system, which will send notification to counsel of record.

s/ Paul T. Crane
Paul T. Crane