Nos. 24-5374, 24-5375, 24-5376

———————

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

———————

UNITED STATES OF AMERICA

*Plaintiff-Appellee,*

v.

JOHN ("JED") BRUNST,

*Defendant-Appellant.*

On Appeal from the United States District Court
For the District of Arizona, the Honorable Diane J. Humetewa, Presiding
District Court Case No. 2:18-cr-00422-DJH

———————

**DEFENDANT-APPELLANT JOHN BRUNST'S
OPPOSITION TO GOVERNMENT'S MOTION FOR FIVE-MONTH
EXTENSION OF TIME TO FILE CONSOLIDATED ANSWERING BRIEF**

———————

GARY S. LINCENBERG – STATE BAR NO. 123058
GOPI K. PANCHAPAKESAN – STATE BAR NO. 279586
MICHAEL C. LANDMAN – STATE BAR NO. 343327
BIRD, MARELLA, RHOW,
LINCENBERG, DROOKS & NESSIM, LLP
1875 CENTURY PARK EAST, 23RD FLOOR
LOS ANGELES, CALIFORNIA 90067-2561
TELEPHONE: (310) 201-2100

*Attorneys for Defendant-Appellant John ("Jed") Brunst*

Defendant-Appellant John ("Jed") Brunst, by and through his undersigned counsel, hereby respectfully opposes the Government's motion seeking a five-month extension to file its consolidated answering brief for the following reasons:

1)  After six years on bail, Mr. Brunst self-surrendered to serve a ten-year prison term on September 11, 2024. *See* Dkt. 7.1. At sentencing, the district court found that Mr. Brunst did not constitute any safety threat. *Id.* at 10. Yet based on a presentence report involving conduct of others that was not part of any count of conviction, a 73-year-old accountant with no prior record has been incarcerated for eleven months in a higher-level security facility than he would have otherwise been assigned to, nearly 400 miles from his family in Arizona. *See* Under Seal Declaration of Gary S. Lincenberg.

2)  As set forth in Brunst's contemporaneously-filed renewed motion for bail pending appeal, the Government tacitly concedes that Brunst's opening brief raises substantial issues on appeal. *See* Dkt. 108.1 at 4 (admitting that the district court proceedings were "extensive and complex" and that "several of the arguments presented on appeal include novel challenges and/or challenges of first impression."). The Government's reasoning is right, but at odds with the Government's original position in response to Brunst's motion for bail pending appeal. Dkt. 34.1. If there are substantial issues on appeal—as the district judge in this case conceded several times and as the Government now concedes (Dkt. 27.1

at 13)—these issues also support bail. These issues certainly counsel against making Brunst, who all parties and the district court agreed was neither a danger nor a flight risk, suffer another five months in prison while his appeal is pending. If the Government's requested five-month extension is granted, coupled with further briefing, oral argument, and this Court's decision-making process, Brunst will have served potentially two or more years in prison at the conclusion of the appellate process. Brunst is an innocent man, wrongly convicted, whose convictions are likely to be reversed. Every extra day he has to suffer in prison waiting for his appeal to be decided is unjust.

Therefore, Brunst respectfully requests that this Court deny the Government's requested extension. Alternatively, if the Court grants any extension, it should also grant Brunst's contemporaneously-filed motion for bail pending appeal.

DATED: August 8, 2025

Respectfully submitted,

Gary S. Lincenberg
Gopi K. Panchapakesan
Michael C. Landman
BIRD, MARELLA, RHOW,
LINCENBERG, DROOKS & NESSIM, LLP

By:     */s/ Gary S. Lincenberg*
      Gary S. Lincenberg
      Attorneys for Defendant-Appellant John Brunst