Nos. 24-5374, 24-5375, 24-5376

——————

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

——————

UNITED STATES OF AMERICA

*Plaintiff-Appellee*,

v.

JOHN ("JED") BRUNST,

*Defendant-Appellant.*

On Appeal from the United States District Court
For the District of Arizona, the Honorable Diane J. Humetewa, Presiding
District Court Case No. 2:18-cr-00422-DJH

——————

## DEFENDANT-APPELLANT JOHN BRUNST'S
## RENEWED MOTION FOR BAIL PENDING APPEAL

——————

Gary S. Lincenberg – State Bar No. 123058
Gopi K. Panchapakesan – State Bar No. 279586
Michael C. Landman – State Bar No. 343327
Bird, Marella, Rhow,
Lincenberg, Drooks & Nessim, LLP
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100

*Attorneys for Defendant-Appellant John ("Jed") Brunst*

Pursuant to 18 U.S.C. § 3143(b), Federal Rule of Appellate Procedure 9(a), and Circuit Rule 9-1.2(a), Defendant-Appellant John Brunst hereby renews his motion for bail pending appeal. *See* Dkt. 27.1., 50.1 (granting bail for Appellant Lacey, but denying it for Brunst). There has never been a dispute that Brunst is neither a flight risk nor a danger to the community. Dkt. 27.1 at 13; 18 U.S.C. § 3143(b)(1).[1] He was denied bail pending appeal solely based upon the finding that there were no substantial issues on appeal. There is now compelling new information that supports bail: (i) the Government's request for extension supports what is clear: that there are substantial issues on appeal; (ii) Brunst has now served eleven harsh months in prison and, especially in light of the Government's request for a five-month extension of time, may have to serve at least another year in prison before the appeal is decided; and (iii) the Court now has the benefit of the full briefing of Appellants and *amici*, which demonstrates the constitutional errors that led to his convictions that should result in reversal (or, at a minimum, a new trial).

---

[1] While motions for bail pending appeal are ordinarily filed first in the district court, here: (i) Brunst has already filed his opening appellate brief, (ii) it is undisputed that he is neither a flight risk nor a danger to the community, and (iii) it is the merit of the appeal that is dispositive here in terms of bail. Therefore, this Court is in the best position to judge whether bail pending appeal is appropriate.

First, in its motion seeking a five-month extension to respond to Brunst's opening appellate brief, the Government argues that the underlying proceedings were "extensive and complex" and that Brunst has raised several arguments that "include novel challenges and/or challenges of first impression." Dkt. 108.1 at 4. This is an artful way of essentially conceding that Brunst's appeal "raises a substantial question of law or fact," which, if successful, would likely result in reversal or an order for a new trial. 18 U.S.C. § 3143(b)(1)(B).

Second, Mr. Brunst continues to suffer as a result of the denial of bail. *See* Under Seal Declaration of Gary S. Lincenberg.

Third, the arguments set forth in Brunst's opening brief—and the briefs of his co-Appellants in which he has joined—are strong (as Government counsel seems to recognize in its motion for an extension). With respect to the bail pending appeal inquiry, the Ninth Circuit has provided important guidance:

> The ***question may be new and novel***. It may present unique facts not plainly covered by the controlling precedents. It ***may involve important questions concerning the scope and meaning of decisions of the Supreme Court***. The application of well-settled principles to the facts of the instant case may raise issues that are fairly debatable. An appellant, though guilty beyond question, ***may have been denied the kind of a trial*** that even a traitor to our country is entitled to under the Constitution and laws. ***Those are situations where bail pending appeal should be granted***.

*D'Aquino v. United States*, 180 F.2d 271, 272 (9th Cir. 1950) (granting bail pending appeal) (emphasis added).

Here, as set forth in Appellants' opening briefs, the Government's prosecution and the district court's errors raise, among other things: (1) "new and novel" issues of first impression under the First Amendment; (2) "important questions concerning the scope and meaning" of recent Supreme Court decisions regarding the First Amendment and aiding-and-abetting liability; and (3) fundamental due process issues regarding Brunst's trial rights as a criminal defendant, including the district court's preclusion of his right to testify and to confront the only witness against him. *See* Dkt. 93.1 at 18-34, 45-54; Dkt 91.1 at 32-68.

The Court now also has available for its consideration compelling arguments from *amici*—namely, the Foundation for Individual Rights and Expression, the Electronic Frontier Foundation, the Federal Public Defender for the Central District of California, and the National Association of Criminal Defense Lawyers —concerning the First Amendment and aiding-and-abetting liability, including the scope of recent Supreme Court decisions. These briefs leave no doubt that the issues presented on appeal are substantial. *See* Dkts. 99.2, 107.1.

In its order denying Brunst bail pending appeal, this Court observed that Brunst had not raised a substantial question on appeal likely to result in reversal or a new trial "on all counts of conviction." Dkt. 50.1 at 2. The appellate briefs now

make abundantly clear that the challenges Brunst has raised would result either in acquittal and/or a new trial on all counts of conviction.

**Denial of Right to Testify to His Good Faith.** As set forth in Brunst's opening brief, Brunt's good faith belief in the legality of Backpage's business was a ***defense to all charges***. Dkt. 93.1 at 3, 34 (the district court instructed the jury that good faith was a defense to all charges). Therefore, the district court's denial of Brunst's right to testify to his good faith—including to directly rebut the testimony of the only witness against him (Carl Ferrer, the former CEO of Backpage and the Government's star cooperating witness)—eviscerated his right to a fair trial. *Id*. at 31-36, 51-54; *see Rock v. Arkansas*, 483 U.S. 44, 51-52 (1987) ("[T]he most important witness for the defense in many criminal cases is the defendant himself," and a defendant's right to testify is "essential to due process of law in a fair adversary process.") (internal citations and quotation marks omitted).

**Denial of Right to Confrontation.** All of the Government's charges were predicated on the purported notice Brunst received regarding the illegality of the content on Backpage's website, yet Brunst was precluded from confronting Ferrer (and testifying himself) to the contemporaneous "counter-notice" Brunst (and Ferrer) received, like public court decisions, Backpage's actual responses to the Government's notice evidence at the time, non-privileged attorney advice, and Ferrer's own prior statements that directly contradicted his trial testimony.

5

Dkt. 93.1 at 18-34, 45-54; *see Holley v. Yarborough,* 568 F.3d 1091, 1100 (9th Cir. 2009) ("Precluding cross-examination of a central, indeed crucial witness to the prosecution's case is not harmless error."); *United States v. Haischer*, 780 F.3d 1277, 1284 (9th Cir. 2015) ("An evidentiary error violates a defendant's due process rights when it excludes: (1) the main piece of evidence, (2) for the defendant's main defense, to (3) a critical element of the government's case.").

**The Government's Entire Prosecution Violated the First Amendment.** The First Amendment arguments regarding the Travel Act are a basis for acquittal as to all counts of conviction, including the money laundering counts (which are premised on alleged Travel Act violations). *See* Dkt. 91.1 at 40-43, 50-58, 67-68; Dkt. 93.1 at 57 (noting that the alleged specified unlawful activity underlying the money laundering counts, *i.e.*, purported Travel Act violations, concerned First Amendment-protected activity); Dkt. 107.1.

**The Government's Entire Prosecution Violated Principles of Aiding-and-Abetting Liability Set Forth in Recent Supreme Court Decisions**. As discussed at length in Spear's opening brief and the supporting amicus briefs, the Government's prosecution violated established principles of aiding-and-abetting liability. Dkt. 91.1 at 32-50; Dkt. 99.2.

**The District Court Committed Constitutional Error in Its Jury Instructions.** The district court gave erroneous instructions that misstated both the

Travel Act's *mens rea* element and fundamental First Amendment principles that tainted the jury's verdict. Dkt. 91.1 at 59-67.

**The District Court Erroneously Upheld the Travel Act Conspiracy Conviction Based on a Boundless Conspiracy Theory.** Following trial, the district court reversed the prior district court's order limiting the scope of the Travel Act conspiracy charge to the 50 charged ads, instead upholding the jury's verdict based on an impermissible boundless conspiracy theory of which Brunst lacked notice. Dkt. 93.1 at 13-14, 54-57.

**There Was Insufficient Evidence of an Intent to Conceal or Promote in Connection with the Money Laundering Counts of Conviction.** The money laundering counts of conviction each concerned loan payments made by Ferrer to the sellers of Backpage in connection with the April 2015 sale of the business. The undisputed purpose of those transfers—as Ferrer himself testified—was payment for the sale of a business, not to conceal or promote a crime. *Id*. at 36-38, 57-63. This is a basis for acquittal on the money laundering counts of conviction, separate and apart from the First Amendment issues that implicate those charges.

**The Government Engaged in Misconduct That Deprived Brunst of Due Process.** First, in violation of a district court order, the Government repeatedly questioned its main cooperating witness, Carl Ferrer, about information subject to joint-defense privileges held by Brunst (and his co-Appellants) during Ferrer's pre-

7

trial interviews. *Id.* at 15-17. Then, at trial, the Government used this privileged information to gain an unfair advantage (while also successfully moving to preclude Brunst from referencing exculpatory attorney advice). *Id.* at 27-29, 63-66. These "hard-bitten litigation tactics" warrant dismissal. *United States v. Kojayan*, 8 F.3d 1315, 1323 (9th Cir. 1993). Second, despite the first trial resulting in a mistrial because the Government introduced highly prejudicial evidence of sex trafficking by others—and Judge Bybee remarking that "all of that evidence is going to be excluded" during the re-trial—the judge presiding over the re-trial permitted this evidence throughout the re-trial. Dkt. 92.1 at 19, 31-34, 64-65.

      Mr. Brunst has been deprived of due process and was wrongly convicted. He is now 73 years old. He has already served 11 harsh months in prison pending appeal. Especially if the Government receives an extension of time to file its answering brief, by the time this appellate process is concluded, Brunst likely will have served at least two years in prison. Given (i) the extensive constitutional errors that polluted his trial, and (ii) the Government's recent tacit concession that there are substantial issues on appeal in seeking a five-month extension to respond to the opening briefs, this Court should grant Brunst bail pending appeal.

      The Government opposes the requested relief.

DATED: August 8, 2025        Respectfully submitted,

                                                  Gary S. Lincenberg
                                                  Gopi K. Panchapakesan
                                                  Michael C. Landman
                                                  BIRD, MARELLA, RHOW,
                                                  LINCENBERG, DROOKS & NESSIM, LLP

By:        */s/ Gary S. Lincenberg*
       Gary S. Lincenberg
       Attorneys for Defendant-Appellant John Brunst

9