IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff–Appellee<br><br>v.<br><br>JOHN ("JED") BRUNST; SCOTT SPEAR;<br>& MICHAEL LACEY<br>    Defendants–Appellants. | C.A. Nos. 24-5374, 24-5375, 24-5376<br><br>D. Ct. No. 2:18-cr-00422 (D. Ariz.) |

**CONSOLIDATED RESPONSE IN OPPOSITION TO
DEFENDANT BRUNST'S AND SPEAR'S
RENEWED MOTIONS FOR BAIL PENDING APPEAL**

As explained in more detail below, this Court should deny the renewed motions for bail pending appeal. Nearly nine months ago, this Court considered and rejected defendants' joint motion for bail pending appeal. The defendants do not point to any intervening change in the law or any other material change warranting a different outcome now. Moreover, the defendants do not even attempt to satisfy this Court's stringent standards for a motion for reconsideration. This Court should reach the same result it did in November 2024, and once again deny Brunst's and Spear's motions.

## BACKGROUND

1. As relevant here, following a three-month trial, a federal jury convicted Defendant-Appellant John ("Jed") Brunst of one count of conspiracy to violate the Travel Act, in violation of 18 U.S.C. § 371 (Count 1); one count of conspiracy to commit concealment money laundering, in violation of 18 U.S.C. § 1956(h) (Count 52); 10 counts of concealment money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Counts 53-62); and five counts of international promotional money laundering, in violation of 18 U.S.C. § 1956(a)(2)(A) (Counts 64-68). *See* D. Ct. Doc. 2193 (Brunst Amended Judgment).

That same jury convicted Defendant-Appellant Scott Spear of one count of conspiracy to violate the Travel Act, in violation of 18 U.S.C. § 371 (Count 1); 17 counts of promoting or facilitating prostitution, in violation of 18 U.S.C. § 1952(a)(3)(A) (Counts 2-18); one count of conspiracy to commit concealment money laundering, in violation of 18 U.S.C. § 1956(h) (Count 52); and 10 counts of concealment money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Counts 53-62). *See* D. Ct. Doc. 2180 (Spear Judgment).

With respect to those convictions, the district court denied Brunst's and Spear's motions for a judgment of acquittal or a new trial. *See* D. Ct. Doc. 2063 (73-page opinion).

2. The district court sentenced Brunst to a total of 120 months of imprisonment, to be followed by three years of supervised release.[1] *See* Brunst Amended Judgment, at 1. The district court sentenced Spear to a total of 120 months of imprisonment, to be followed by three years of supervised release.[2] *See* Spear Judgment, at 1.

3. On August 28, 2024, the district court denied Brunst's and Spear's motions for bail pending appeal. *See* D. Ct. Doc. 2171. After this Court denied Brunst's and Spear's motions to stay their self-surrender dates, *see* C.A. Doc. 22.1, Brunst and Spear each began serving their sentence on September 11, 2024. Brunst's currently scheduled release date is November 30, 2032. *See* BOP Inmate Locator (Register No. 91635-408). Spear's currently scheduled release date is January 29, 2033. *See* BOP Inmate Locator (Register No. 91634-408).

4. On October 2, 2024, Brunst and Spear jointly filed a motion for bail pending appeal in this Court. *See* C.A. Doc. 27.1 ("Original Motion for Bail Pending Appeal"). The government filed a consolidated response. *See* C.A. Doc. 34.1.

---

[1] The district court sentenced Brunst to 60 months of imprisonment on each of the 17 counts, to run concurrent to each other except consecutive to Count 1.

[2] The district court sentenced Spear to 60 months of imprisonment on each of the 29 counts, with the sentences to run concurrently except that the sentences for Counts 53-62 would run consecutively to the sentences for Counts 1-18.

On November 21, 2024, this Court denied Brunst's and Spear's motion. *See* C.A. Doc. 50.1. As this Court explained, "Brunst and Spear have not shown that their appeals raise a 'substantial question' of law or fact that is likely to result in reversal or a new trial on all counts of conviction, or a sentence with a term of imprisonment less than time served plus the expected duration of the appeal process." *Id.* at 2-3.

## DISCUSSION

Nearly nine months later, Brunst now files a self-styled "Renewed Motion For Bail Pending Appeal." *See* C.A. Doc. 110.1. Spear joins in that motion. *See* C.A. Doc. 114.1. For the following reasons, that motion should be denied.

1. As an initial matter, this Court should construe Brunst's latest motion as a motion for reconsideration of this Court's prior denial of his motion for bail pending appeal. As Brunst acknowledges, he has not filed a renewed motion for bail pending appeal in the district court. *Cf.* Circuit Rule 9-1.2(a) ("A request for release pending appeal must first be brought in the district court. If the district court denies the request for release, defendant may file a motion for release pending appeal in this Court").

Properly construed, Brunst's most recent motion is untimely. *See* Circuit Rule 27-10(a)(2) (providing that "a motion for … reconsideration of a court order that does not dispose of the entire case on the merits, terminate a case or

4

otherwise conclude proceedings in this Court must be filed within 14 days after entry of the order").[3]

2. Even if his latest motion were considered timely, Brunst has failed to demonstrate that he is entitled to reconsideration of the Court's prior denial of his motion for bail pending appeal. Among other things, Brunst has not established that this Court "overlooked or misunderstood" a point of law or fact when it previously denied his motion for bail pending appeal, nor has he identified a change "in legal or factual circumstances which may entitle" him to relief. Circuit Rule 27-10(a)(3).

Indeed, Brunst fails to identify any intervening change in precedent that is relevant to any of the issues he or his co-defendants raise on appeal. This dooms his current motion. *See* Circuit Advisory Committee Note to Rule 27-10 (explaining that challenges to "orders entered by a motions panel are not favored by the Court and should be utilized only where counsel believes that the Court has overlooked or misunderstood a point of law or fact, or where there is a

---

[3] The government recognizes that Circuit Rule 27-10(b) further provides that "[n]o response to a motion for clarification, modification, or reconsideration of a motions panel's order is permitted unless requested by the Court." Because Brunst's latest motion is not styled as a motion for reconsideration, and in the event this Court does not ultimately construe his motion as a motion for reconsideration, the government respectfully submits this response although it has not been requested by the Court.

5

change in legal or factual circumstances after the order which would entitle the movant to relief").

3. Even if the latest motion were not construed as a motion for reconsideration, Brunst is not entitled to his requested relief. Nearly all the substantive arguments Brunst makes in his current motion (at 5-8) were also raised in connection with his original motion for bail pending appeal, which this Court correctly rejected. *Compare, e.g.*, Renewed Motion at 5 (challenging "the district court's denial of Brunst's right to testify to his good faith"), with Original Motion at 29-39 (claiming his "due process rights were violated when the district court precluded [him] from testifying to [his] good faith belief that [his] conduct was lawful"); Renewed Motion at 5-6 (challenging limitations on cross-examination of witness Ferrer), with Original Motion at 43-45 (same); Renewed Motion at 6 (First Amendment challenge), with Original Motion at 14-20 (same).

The only arguments Brunst raises in his current motion that were not included in his original bail motion to this Court involve the sufficiency of the evidence—specifically, whether there was insufficient evidence of an intent to conceal in connection with his substantive concealment money laundering convictions, and whether there was insufficient evidence of an intent to promote in connection with his substantive international promotional money laundering

convictions. *See* Renewed Motion at 7. Those challenges, which do not affect either of Brunst's conspiracy convictions (Counts 1 and 52),[4] were carefully considered and rejected by the district court. *See* D. Ct. Doc. 2063, at 45-47 (rejecting the intent to conceal challenge); *id.* at 47-48 (rejecting the intent to promote challenge).

    4.    Finally, contrary to Brunst's suggestion (at 3), the government does not concede that Brunst's or Spear's appeals raise a substantial question of law or fact that is likely to result in a reversal, new trial, or materially lower sentence. *See* 18 U.S.C. § 3143(b)(1)(B); *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985). In particular, the government's reference to the defendants' appeals containing "novel" challenges in its motion for an extension of time was not a concession that the standard for bail pending appeal had been satisfied. Among other things, as this Court and others have made clear, novelty is not synonymous with raising a substantial question. *See, e.g., Handy*, 761 F.2d at 1282 n.2 (citing *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)); *see id.* (emphasizing that a "novelty" standard would "not be sufficient to separate

---

[4] These sufficiency challenges also do not affect Spear's conspiracy convictions (Counts 1 and 52) or his substantive Travel Act convictions (Counts 2-18).

7

substantial from non-substantial questions"). Put simply, Brunst takes the government's reference out-of-context.

Brunst and Spear did something similar in their original bail motion, suggesting the district court had "already determined" that the defendants would raise substantial issues on appeal. *See* Original Motion at 13. As the government explained in its response that motion, the district court statements relied on by the defendants there were actually comments made by the court at two status conferences, both of which predated the defendants' sentencings and did not involve any discussions about bail or *Handy*'s "substantial question" standard. *See* C.A. Doc. 34.1, at 17.

For these reasons, as well as those detailed by the government in its response to the Original Motion, this Court should adhere to the decision it made the first time around and deny Brunst's and Spear's renewed motions for bail pending appeal.

Respectfully submitted,

s/Paul T. Crane
PAUL T. CRANE
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave, NW, St. 1264
Washington, D.C. 20530
(202) 616-9316
Paul.Crane@usdoj.gov

8

## CERTIFICATE OF COMPLIANCE

      1. This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,610 words.

      2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Calisto MT 14-point type.

                                                    s/Paul T. Crane
                                                    PAUL T. CRANE