Nos. 24-5374, 24-5375, 24-5376

———————

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

———————

UNITED STATES OF AMERICA

*Plaintiff-Appellee,*

v.

JOHN ("JED") BRUNST,

*Defendant-Appellant.*

On Appeal from the United States District Court
For the District of Arizona, the Honorable Diane J. Humetewa, Presiding
District Court Case No. 2:18-cr-00422-DJH

———————

**DEFENDANT-APPELLANT JOHN BRUNST'S
MOTION TO EXCEED TYPE-VOLUME LIMITS**

**DECLARATION OF GOPI K. PANCHAPAKESAN**

———————

GARY S. LINCENBERG – STATE BAR NO. 123058
GOPI K. PANCHAPAKESAN – STATE BAR NO. 279586
MICHAEL C. LANDMAN – STATE BAR NO. 343327
BIRD, MARELLA, RHOW,
LINCENBERG, DROOKS & NESSIM, LLP
1875 CENTURY PARK EAST, 23RD FLOOR
LOS ANGELES, CALIFORNIA 90067-2561
TELEPHONE: (310) 201-2100

*Attorneys for Defendant-Appellant John ("Jed") Brunst*

Defendant-Appellant John ("Jed") Brunst, by and through his undersigned counsel, hereby respectfully moves this Court pursuant to Fed. R. App. P. 27(d)(2) and Circuit Rule 32-2(a) for leave to file Appellant's Reply brief, which contains approximately 7,489 words. The accompanying Declaration of Counsel sets forth a showing of "diligence and extraordinary compelling need" for granting this request. Circuit Rule 32-2(a). The Government does not object to the requested relief.

DATED: May 26, 2026        Respectfully submitted,

Gary S. Lincenberg
Gopi K. Panchapakesan
Michael C. Landman
BIRD, MARELLA, RHOW,
LINCENBERG, DROOKS & NESSIM, LLP

By:     */s/ Gary S. Lincenberg*
Gary S. Lincenberg
Attorneys for Defendant-Appellant John Brunst

2

## DECLARATION OF GOPI K. PANCHAPAKESAN

I, Gopi K. Panchapakesan, hereby declare and state as follows:

1.      I am an attorney licensed to practice in the State of California and admitted to practice before this Court.  I am a partner at Bird, Marella, Rhow, Lincenberg, Drooks & Nessim, LLP, and counsel of record in the above-captioned appeal.  I have personal knowledge of the matters in this declaration.

2.      Appellant John Brunst's Reply Brief contains approximately 7,489 words, excluding exempted portions, which exceeds the 7,000-word limit set forth in Circuit Rule 32-1(a).

3.      Under Circuit Rule 32-2, motions to exceed the type-volume limitation "will be granted only upon a showing of diligence and substantial need." These conditions are satisfied here.

4.      In April 2018, Brunst—along with co-Appellants Scott Spear and Michael Lacey, and Defendants James Larkin, Joye Vaught, and Andrew Padilla— was charged in a 100-count indictment.  In July 2018, the Government filed a superseding indictment ("Indictment"), charging Brunst with Conspiracy to Violate the Travel Act (18 U.S.C. § 371), 50 substantive counts of violating the Travel Act(18 U.S.C. § 1952), one count of Conspiracy to Commit Money Laundering (18 U.S.C. § 1956(h)), and 33 counts of concealment, international promotional, and transactional money laundering (18 U.S.C. §§ 1956, 1957).

3

5.      The first trial in this case resulted in a mistrial in September 2021. Following the denial of an interlocutory appeal before this Court in connection with Appellants' motion to dismiss under the Double Jeopardy Clause, the case was re-tried in August 2023.  The jury trial in this matter occurred over the course of 39 days.  Brunst was convicted of 34 counts, including Travel Act Conspiracy, Conspiracy to Commit Money Laundering, and 32 counts of concealment, international promotional, and transactional money laundering.  The jury acquitted Brunst of (i) the 50 substantive Travel Act counts and (ii) one of the international promotional money laundering counts.  In connection with Brunst's Motion for Judgment of Acquittal under Federal Rule of Criminal Procedure 29, the district court entered a Judgment of Acquittal as to the 17 transactional money laundering counts of conviction.

6.      The trial record in this case is voluminous.  It spans over 2,300 docket entries.  The trial transcript is over 6,300 pages.  More than 500 exhibits were admitted into evidence.  Appellants' excerpts of record are over 16,000 pages.

7.      The Government's prosecution concerned the Backpage.com website and Brunst's alleged role concerning that website over a 14-year period.  An overwhelming portion of the Government's evidence related to calls from the media, politicians, law enforcement, celebrities, and religious seminaries to shut down the site.  The Government argued that this evidence put Brunst on "notice"

that there was illegal content on the site.  This liability-by-notice theory of prosecution of a corporate executive concerning a classified advertisements website that hosts third-party content is novel and unprecedented.

8.      The Court permitted Brunst to file an oversized opening brief containing 15,000 words.  Dkt. 90.1.  Brunst seeks approximately 489 additional words in connection with his Reply Brief, which is roughly proportionate to the additional amount of words the Court granted in connection with his Opening Brief.

9.      The government sought to file an oversized consolidated Answering Brief of 34,841 words, to which Appellants did not object.  Dkt. 125, 128.

10.     Brunst's Reply Brief raises several issues, including the following:

a.      Brunst was denied the right to introduce evidence regarding his good faith, including:  (i) prior federal court cases on which he relied that affirmed the legality of Backpage's business model and rejected the same liability-by-notice framework that undergirded the government's prosecution here; (ii) Backpage's legal compliance efforts relative to its ad moderation policies, which had been reviewed by lawyers and experts and were grounded in the First Amendment and Communications Decency Act (CDA); and (iii) statements from executives, operators of Backpage, and attorneys reflecting their view that the company's operations were lawful.  He was denied the right to confront the only witness

against him with this evidence. He was also denied the right to testify in his own defense regarding this evidence.

b. Brunst was impermissibly convicted of a boundless Travel Act conspiracy that concerned every adult ad posted on Backpage.com over a 14-year period, despite a pretrial ruling that limited the scope of the conspiracy to the 50 ads charged in the Indictment. There was no proof at trial that Brunst was part of a 50-ad conspiracy.

c. There was insufficient evidence of specified unlawful activity underlying the money laundering counts of conviction, as the Government did not identify any unprotected speech that formed the basis for any ad payments involved in the transfers.

d. There was insufficient evidence of an intent to conceal the nature, location, or source of the proceeds underlying the money laundering counts of conviction, all of which were loan payments from Carl Ferrer—who purchased Backpage—to Appellants in connection with the seller-financed sale of the company. There was also insufficient evidence of an intent to promote unlawful activity, as the loan payments moved money out of Backpage.

e. The district court should have dismissed the Indictment because of the Government's intentional and knowing violations of attorney-client privileges jointly held by Appellants and Ferrer during its numerous interviews of

Ferrer, which revealed privileged information that allowed the Government to gain an unfair advantage at trial.

11.     Further, Brunst has joined in the briefs of co-Appellants Spear and Lacey—which raise (among other things) the First Amendment protections violated by this prosecution that implicate each of the counts of conviction against him—but has not repeated the arguments made by them.

12.     Counsel for Appellant are experienced practitioners and recognize that this Court disfavors motions to exceed the applicable type-volume limits on briefs. Counsel has therefore worked diligently to prepare Brunst's arguments as concisely as possible, foregoing multiple potentially meritorious arguments.

13.     This is an extraordinary case that presents a "compelling" need for relief from the type-volume limitation set forth in Circuit Rule 32-1(a).  *See* Circuit Rule 32-2(a).  Counsel believes that filing the Reply Brief in its current form is necessary to preserve the integrity of the arguments made on appeal and that, if this motion is denied, critical issues will have to be abandoned to reduce its length even further.

14.     For the foregoing reasons, Brunst respectfully requests that the Court grant this motion and permit Brunst to file the Reply Brief as written.

15.     The Government has informed me that it does not object to the relief sought by Brunst.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 26, 2026, at Los Angeles, California.


By:     _/s/ Gopi K. Panchapakesan_
    Gopi K. Panchapakesan

6024102.1

## **CERTIFICATE OF RELATED CASES**

To the best of Appellant's knowledge, the following related cases are pending before this Court: *United States v. Scott Spear*, 24-5375; *United States v. Michael Lacey*, 24-5376. Appellant is aware of no other pending, related cases.

DATED: May 26, 2026

Gary S. Lincenberg
Gopi K. Panchapakesan
Michael C. Landman
BIRD, MARELLA, RHOW, LINCENBERG,
DROOKS & NESSIM, LLP


By: _____*/s/ Gary S. Lincenberg*_____
        Gary S. Lincenberg
        Attorneys for Defendant-Appellant John
        ("Jed") Brunst

9